UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHERINE ANN KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01621 SRC |
| ) | |
| HENRY INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Self-represented Plaintiff Catherine Kramer brings this employment discrimination action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, against her prior employer Henry Industries, Inc. The matter is now before the Court upon Plaintiff's motion for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. Doc. 2. Because Plaintiff's motion does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct Plaintiff to file an amended motion or pay the full filing fee. The Court warns Plaintiff that her failure to comply with this Order could result in dismissal of this action.

Under the Local Rules of this Court, "[a]n application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing in forma pauperis which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a). E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In forma pauperis status is a matter of privilege, not of

right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether Plaintiff should be granted in forma pauperis status because she has not provided the Court with complete answers to all the form questions. On question 3 of the "Application to Proceed in District Court without Prepaying Fees or Costs," Plaintiff states that she has received income in the last 12 months from three sources, but she does not "describe . . . each source of money and state the amount . . . received." *Id.* at 1. Without this income information, the Court cannot determine whether Plaintiff should be granted in forma pauperis status. Plaintiff must either provide the required financial information on a complete Application to Proceed In Forma Pauperis, or pay the full filing fee in order for this case to proceed.

Accordingly, the Court orders that the Clerk is directed to send Plaintiff a blank "Application to Proceed in District Court without Prepaying Fees or Costs" form. The Court further orders that Plaintiff must either pay the full filing fee or submit the completed Application in accordance with the instructions set forth herein, within **twenty-one (21) days** of the date of this Order. Lastly, failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice from the Court.

Dated this 8th day of February, 2021.

SLR.CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**